J-S38040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MOHAMED KAMARA :
:
Appellant : No. 3194 EDA 2024

Appeal from the PCRA Order Entered October 25, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000459-2021

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MOHAMED KAMARA :
:
Appellant : No. 3196 EDA 2024

Appeal from the PCRA Order Entered October 25, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006166-2021

BEFORE: McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED JANUARY 6, 2026**

Appellant, Mohamed Kamara, appeals from the post-conviction court's
October 25, 2024 order denying his petition filed under the Post Conviction
Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in his two cases that were
consolidated below. Appellant argues herein that the PCRA court erred by
denying his petition because his lifetime reporting requirement under the
Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.

§§ 9799.10-9799.42, is overly broad and unconstitutional as applied to him. After careful review, we affirm.

The facts underlying Appellant's convictions are not germane to our disposition of the issue he raises on appeal. We need only note that on March 29, 2022, Appellant pled guilty, in the above two cases, to rape by forcible compulsion (18 Pa.C.S. § 3121(a)(1)), sexual assault (18 Pa.C.S. § 3124.1), and two counts of strangulation (18 Pa.C.S. § 2718(a)(1)).[1] That same day, the trial court sentenced Appellant to an aggregate term of 10 to 20 years' incarceration, followed by 3 years' probation. Additionally, due to his rape and sexual assault offenses, Appellant is classified as a Tier III offender under Subchapter H of SORNA, subjecting him to a lifetime registration requirement. *See* 42 Pa.C.S. § 9799.14(d)(2), (5) (Sexual offenses and tier system); 42 Pa.C.S. § 9799.15(a)(3) ("An individual convicted of a Tier III sexual offense shall register for the life of the individual."). Appellant did not file any post-sentence motions, or an appeal from his judgment of sentence.

Instead, on March 20, 2023, he filed a timely, *pro se* PCRA petition. Counsel was appointed, but filed a motion to withdraw and ***Turner/Finley*** no-merit letter rather than an amended petition on Appellant's behalf.[2] The

---

[1] It appears from the record that Appellant also entered a guilty plea in a third case, that same day, to charges of burglary (18 Pa.C.S. § 3502) and aggravated assault (18 Pa.C.S. § 2702). ***See*** Amended PCRA Petition, 12/23/23, at 2. This case is not before us on this appeal.

[2] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

court thereafter issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's petition without a hearing, but it then vacated that notice and appointed new counsel for Appellant. On December 28, 2023, Appellant filed an amended PCRA petition. Therein, he cursorily stated that Subchapter H of SORNA "is unconstitutional as applied to him[,]" as well as that his sentence was illegal and his trial counsel was ineffective. Amended PCRA Petition at 3. In a "Memorandum of Law" accompanying his petition, Appellant did not develop an as-applied argument to the constitutionality of Subchapter H but, instead, he argued that the statute was facially unconstitutional because it created an "irrebuttable statutory presumption that he is a high-risk offender." Memorandum of Law, 3/20/23, at 9. More specifically, Appellant contended that "the irrebuttable presumption that he is high risk of reoffending as outlined in … SORNA, [S]ubchapter H, is unconstitutional as violative of due process, but also deprives [Appellant] of his substantive right to his reputation." *Id.* at 13. Additionally, Appellant argued that the reporting requirements of Subchapter H are punitive. *Id.* at 10. Notably, Appellant conceded that the claims he was asserting were the same as those considered by our Supreme Court in **Commonwealth v. Torsilieri**, 232 A.3d 567 (Pa. 2020) (**Torsilieri I**), and that the Court's "decision will likely be determinative of the matter." *Id.* at 11.

On March 7, 2024, the Commonwealth filed a response to Appellant's petition, requesting a stay pending the outcome of **Torsilieri I**. The Commonwealth noted that our Supreme Court had remanded in **Torsilieri I**

for the trial court "to provide both parties an opportunity to develop arguments and present additional evidence" on whether all sexual offenders pose a high risk of recidivism and whether the tier-based registration system protects the public from the alleged danger that they pose. *See* Commonwealth's Response, 3/7/24, at unnumbered 4 (quoting *Torsilieri I*, 232 A.3d at 596). The Commonwealth further explained that, "[o]n remand, following an evidentiary hearing, the [trial court] ruled in Torsilieri's favor, and the Commonwealth ha[d] appealed that ruling to the Supreme Court of Pennsylvania." *Id.* Accordingly, the Commonwealth requested that Appellant's case be stayed pending a decision in that appeal. *Id.*

Before the court issued a ruling on Appellant's petition or the Commonwealth's request for a stay, our Supreme Court issued *Commonwealth v. Torsilieri*, 316 A.3d 77 (Pa. 2024) (*Torsilieri II*), on May 31, 2024. In that decision, the Court held that the evidence presented on remand in *Torsilieri I* demonstrated that adult sexual offenders reoffend at a rate of at least three times higher than other individuals convicted of non-sexual offenses. *Id.* at 99. The Court concluded that this evidence supported the challenged legislative presumption and "validates the statutory underpinnings of Subchapter H." *Id.* (footnote omitted). Accordingly, the *Torsilieri II* Court held "that Torsilieri … failed to meet his heavy burden to demonstrate that the irrebuttable presumption at issue was constitutionally infirm." *Id.* at 100. Additionally, after considering whether "the requirements of Subchapter H constitute criminal punishment under the test set forth in

[***Kennedy v.***] ***Mendoza-Martinez***[, 372 U.S. 144 (1963),]" the ***Torsilieri II*** Court held that Subchapter H does not amount to criminal punishment. ***Id.*** at 100, 110.

On August 5, 2024, the PCRA court issued a Rule 907 notice, stating that it intended to dismiss Appellant's petition without a hearing, as Appellant's same claims had been considered and rejected in ***Torsilieri II***. ***See*** Rule 907 Notice, 8/5/24, at 1 (single page). Appellant did not file a response, and on October 25, 2024, the court issued an order dismissing his petition. Appellant filed a timely notice of appeal, and he and the court complied with Pa.R.A.P. 1925. Herein, Appellant states one issue for our review:

> Did the PCRA [c]ourt err in dismissing [A]ppellant's PCRA petition, as the Tier III lifetime reporting categorization under 42 Pa.C.S. § 9799.14(d), which triggers the lifetime reporting requirements of Subchapter H of SORNA II, is overly broad in length of time as applied to [A]ppellant[?] This overbreadth in length of time is arbitrary and violative of [A]ppellant's due process rights under the Federal and Pa. Constitutions, impinging on [A]ppellant's right to reputation and is an arbitrary lifetime restraint on his liberty[.]

Appellant's Brief at 6 (emphasis omitted).

To begin, we note that:

> "In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." ***Commonwealth v. Johnson***, … 966 A.2d 523, 532 ([Pa.] 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." ***Id.***

***Commonwealth v. Matias***, 63 A.3d 807, 810 (Pa. Super. 2013).

Here, Appellant contends that the PCRA court erred by dismissing his petition because the lifetime reporting requirement of Subchapter H of SORNA "is overbroad in length of time," and "impinges on [his] reputation…." Appellant's Brief at 17, 18. Appellant provides a developed discussion to support these claims, and argues that the statute, as applied to him, violates his due process rights and right to reputation. *See id.* at 17-22.

We conclude that Appellant has waived his as-applied argument by not sufficiently raising it before the PCRA court. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Aside from baldly stating that Subchapter H is unconstitutional as-applied to him in his petition, Appellant offered no meaningful discussion of that claim in his Memorandum of Law. Instead, he only argued that the statute is facially unconstitutional, and acknowledged that he was raising the same issues that were before the Court in *Torsilieri I*. Those claims have since been deemed meritless by the *Torsilieri II* Court. Appellant's attempt to reframe his argument as an as-applied challenge to avoid the implications of the *Torsilieri II* decision is unavailing, where he did not develop that claim below. Accordingly, we agree with the PCRA court that it "properly denied Appellant's petition because his claims are directly contradicted by the Pennsylvania Supreme Court's … decision in … *Torsilieri [II]*…." PCRA Court Opinion, 1/15/25, at 3. Therefore, no relief is due.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/6/2026